# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5064 | **DATE** | June 29, 2012 |
| **CASE TITLE** | U.S. ex rel. Michael Hill (#R-01715) vs. Illinois Dept. of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion for leave to file *in forma pauperis* [#3] is granted. However, this successive petition for a writ of habeas corpus and accompanying motion for leave to file a successive petition [#5] are dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). The case is terminated. The petitioner's motion for appointment of counsel [#4] is denied as moot. A copy of Circuit Rule 22.2 (7th Cir.) is attached to this order. The petitioner is reminded, for future reference, that he is required to provide the court with the original plus a judge's copy of every document filed.

■ [**For further details see text below.**]                                                      Docketing to mail notices.

## STATEMENT

Michael Hill, an Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his 2001 murder conviction on several grounds relating to the imposition of a three-year term of mandatory supervised release in connection with his plea agreement.

The petitioner having shown that he is indigent, his motion to proceed *in forma pauperis* is granted. However, the court has reviewed the petition and finds that it must be dismissed for lack of jurisdiction.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a habeas petitioner must obtain prior leave from the court of appeals before the district court can consider a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). The petitioner in the case at bar filed an earlier habeas corpus petition, *Hill v. Illinois Department of Corrections*, Case No. 08 C 3096 (N.D. Ill.). This court denied that petition on its merits by Memorandum and Order entered January 9, 2009 (Manning, J.). The court expressly found that the petitioner's attempt to challenge the mandatory term of MSR was "clearly meritless." *See* Memorandum and Order at pp. 6-7; Minute Order of January 9, 2009.

The petitioner also previously attempted to contest the MSR term of his sentence by way of a civil rights action. *See Hill v. Randle*, Case No. 10 C 1453 (N.D. Ill.). The court found that the petitioner could not seek **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

review of his MSR under 42 U.S.C. § 1983.  *See* Minute Order of March 26, 2010 (Gettleman, J.).  The court therefore dismissed the petitioner's complaint "without prejudice to Plaintiff either seeking permission **from the Seventh Circuit** to file a successive petition for habeas corpus relief or filing a claim in the Illinois Court of Claims."  *Id.* (emphasis added).

Apparently cognizant of the fact that he needed permission to file a successive habeas petition, the petitioner has accompanied his petition with a motion seeking leave to file.  However, the U.S. Court of Appeals for the Seventh Circuit, and not the district court, must grant him leave to file a second habeas corpus petition.  Unless and until the Court of Appeals grants leave, this court has no jurisdiction to consider the petitioner's renewed application for habeas corpus relief under § 2254.  *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *In re Page*, 170 F.3d 659 (7th Cir. 1999); 28 U.S.C. § 2244(b)(3)(A).  Again, the petitioner must file his motion for leave to file a second or successive habeas petition with the Court of Appeals.

For the foregoing reasons, the court grants the petitioner's motion for leave to file *in forma pauperis* but summarily dismisses the habeas corpus petition for lack of jurisdiction.  Dismissal is without prejudice to re-filing suit should the petitioner obtain leave to file from the Seventh Circuit Court of Appeals.  Attached to this order is a copy of Circuit Rule 22.2 (7th Cir.).  Circuit Rule 22.2 explains the procedures the petitioner must follow to obtain leave from the Seventh Circuit Court of Appeals to file a second or successive habeas corpus petition.

**Circuit Rule 22.2. Successive Petitions for Collateral Review**

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

    (A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

    (B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

    (b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, ling and service may be made under the terms of Fed. R. App. P. 4(c).

    (c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

    (d) The applicant may file a reply memorandum within 10 days of the response, after which the request will be submitted to a panel of the court for decision.

    (e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.